**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **TRAVIS RAY,** : | |
| : | |
| Petitioner : | |
| : | CIVIL NO. 3:CV-14-2079 |
| v. : | |
| : | (Judge Caputo) |
| **MARY SABOL**, *et al.*, : | |
| : | |
| Respondents : | |

**M E M O R A N D U M**

**I.    Introduction**

Travis M. Ray, Jr., an inmate presently confined at the York Country Prison (YCP), in York, Pennsylvania, filed this petition for writ of habeas corpus challenging the constitutionality of his detention.  (Doc. 1, Pet.)  For the reasons set forth below, the Court will summarily dismiss the Petition without requiring a response from the Respondents[1] due to Mr. Ray's ongoing state court criminal prosecutions.

**II.   Background**

On January 28, 2014, Mr. Ray was charged with one count of Fleeing or Attempting to Elude an Officer, six counts of Accident Involving Damage Attended

---

[1] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ( "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner)."  As will be seen below, this petition is governed by 28 U.S.C. § 2241, but we can apply the 28 U.S.C. § 2254 rules "to a habeas corpus petition not covered by Rule 1(a)" of the 2254 rules.  *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

Vehicle/Prop, and one court of Recklessly Endangering Another Person. On March 11, 2014, a Fugitive Declaration was filed. On July 17, 2014, Magisterial District Judge Ronald J. Haskell Jr. set Mr. Ray's bail in the amount of $50,000.00. Mr. Ray has been confined at the YCP since July 17, 2014. Mr. Ray had a preliminary hearing before Judge Haskell on August 7, 2014. At that time Mr. Ray's charges were held for court and his bail revoked. His formal arraignment took place on September 12, 2014. *See Commonwealth v. Ray*, MJ-19104-CR-0000038-2014 (York Cnty.); *see also Commonwealth v. Ray*, CP-67-CR-0005164-2014 (York Ct. Com. Pls.) and *Commonwealth v. Ray,* CP-67-CR-0005332-2014 (York Ct. Com. Pls.).[2]

Mr. Ray is presently a pre-trial detainee at the YCP but does "not understand the charges" for which he is imprisoned. (Doc. 1, Pet., ECF p. 1.) He claims Judge Ronald J. Haskell denied him bail by setting it excessively high. (*Id*.)

### III. Discussion

#### A. Abstention

To the extent Mr. Ray seeks this court's intervention in his state prosecutions, such intervention is unwarranted under the doctrine of abstention. In *Younger v. Harris,* the Supreme Court held that the "possible unconstitutionality" of a state criminal statute did not justify federal intervention into the state's good-faith

---

[2] The Court takes judicial notice of the docket sheets in Mr. Ray's criminal docket sheets which are available through the Pennsylvania's Unified Judicial Docket System docket research at https://ujsportal.pacourts.us/.

enforcement of that statute. *Younger v. Harris,* 401 U.S. 37, 54, 91 S.Ct. 746, 755, 27 L.Ed.2d 669 (1971). A series of Supreme Court opinions following *Younger* have since "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar. Ass'n,* 457 U.S. 423, 431, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982). The *"Younger* abstention," as this doctrine has come to be known, "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware Cnty., Pa.,* 959 F.2d 1227, 1234 (3d Cir. 1992). The *Younger* abstention is triggered by only three categories of state court proceedings: (1) state criminal prosecutions; (2) "civil enforcement proceedings," and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, ___ U. S. ___, ___, 134 S.Ct. 584, 591, 187 L.Ed.2d 505 (2013)(internal citations omitted). "In *Younger*, the Supreme Court held that, absent a showing of bad faith or an intent to harass, federal courts should decline requests to enjoin state criminal prosecutions, 'particularly ... when the moving party has an adequate remedy' in state court." *Gonzalez v. Waterfront Com'n of New York*, 755 F.3d 176, 180 (3d Cir. 2014)(internal citation omitted).

  Here, based on the statements in the Petition, it is clear that Mr. Ray is in the midst of proceedings on his criminal charges in state court. His requested relief, his immediate release from custody, would clearly interfere with those proceedings. Furthermore, Mr. Ray has the opportunity to raise his constitutional claims in any

state direct appeal and/or post-conviction relief petition he may elect to file. Accordingly, *Younger* abstention also leads the court to conclude that dismissal of the habeas petition is appropriate.

### B.     Excessive Bail

The Eighth Amendment of the United States Constitution provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment's prohibition against excessive bail is applicable to the states through the due process clause of the Fourteenth Amendment. *Sistrunk v. Lyons*, 646 F.2d 64, 70 (3d Cir. 1981)(determining pretrial habeas relief was available to challenge excessive bail). However, the "Eighth Amendment likewise does not create an absolute right to be free on bail." *Id*. at 68. Bail is excessive when set at an amount higher than necessary to ensure the appearance of the accused at trial. *Id.* at 70 (citing *Stack v. Boyle*, 342 U.S. 1, 5, 72 S.Ct. 1, 3. 96 L.Ed. 3 (1951).)

In order to prevail on excessive bail claim, a petitioner must satisfy two requirements: (1) he must be in custody, *see* 28 U.S.C. § 2241(c); and (2) a § 2241 petitioner must exhaust his available state court remedies, *see Moore v. DeYoung*, 515 F.2d 437, 442 (1975)(explaining that there is "no distinction" between § 2254 and § 2241 "insofar as the exhaustion requirement is concerned.")

A state petitioner seeking pretrial habeas relief must have exhausted his available state court remedies. *See Duran v. Thomas*, 292 F. App'x 3 (3d Cir. 2010)(affirming dismissal of § 2241 petition alleging state court had imposed

excessive bail).  In the absence of exhaustion, this court may still adjudicate the pretrial habeas petition only if "extraordinary circumstances are present."  *Moore*, 515 F.2d at 443.

In this case, a review of the Petition and Mr. Ray's state court criminal dockets demonstrate that he is not entitled to habeas relief with respect to his excessive bail claim as he has failed to exhaust this claim in the state courts.  In order to exhaust a federal constitutional claim, a petitioner must "fairly present" it to each level of the state courts.  *See Lines v. Larkins*, 208 F.3d 153, 159 (3d Cir. 2000).  Furthermore, Mr. Ray has not demonstrated any extraordinary circumstance that warrants pretrial, pre-exhaustion, habeas corpus relief during the pendency of his ongoing state court proceedings.

An appropriate Order follows.

                                            **/s/ A. Richard Caputo**
                                            **A. RICHARD CAPUTO**
                                            **United States District Judge**

**Date: December 8, 2014**